UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-cr-00035-TBR

UNITED STATES OF AMERICA                                         PLAINTIFF

v.

DERRICK STARKS                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Derrick Starks' ("Starks") *pro se* Motion for Home Incarceration. [DN 30.] The government has responded [DN 32] and Starks has replied. [DN 33.] As such, this matter is ripe for adjudication. For the reasons that follow, Starks' Motion for Home Incarceration [DN 30] is **DENIED.**

**I. Background**

Starks was indicted on one count of being a felon in possession of a firearm. [DN 1.] He later pleaded guilty and was sentenced on April 10, 2019 to a 30-month sentence with three years of supervised release. [DN 27.]

**II. Legal Standard**

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
    (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

When determining whether to grant compassionate release, courts must analyze the following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 § U.S.C. § 3553(a). *United States v. Marshall*, No. 3:16-cr-00004-JHM, 2020 WL 114437, * 1 (W.D. Ky. Jan 9, 2020) (citing 18 U.S.C. 3582(c)(1)(A)).

First, the Court must determine whether extraordinary and compelling reasons justify a sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission commentary provides that extraordinary and compelling reasons may exist due to the defendant's medical condition:

> A) Medical Condition of the Defendant.
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is-
>
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or

> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13.

### III. Discussion

#### A. Exhaustion of Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, ––– F.Supp.3d –––, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director. *United States v. Marshall,* No. 3:16CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020). "Thus, a defendant may directly petition the district court for compassionate release only if he has either: (1) fully exhausted all administrative rights to appeal the Bureau of Prison's ("BOP") failure to bring a compassionate release motion on his behalf; or (2) filed a request for compassionate release with BOP and BOP failed to respond within 30 days. 18 U.S.C. § 3582(c)(1)(A); *United States v. Eisenberg*, No. 16-CR-157-LM, 2020 WL 1808844, at *1 (D.N.H. Apr. 9, 2020).

Here, Starks has not provided evidence or even alleged that he has exhausted his administrative remedies. This Court does not have the authority to waive the requirement of exhaustion. *See United States v. Hofmeister,* No. CV 5:16-13-KKC, 2020 WL 1811365, at *2 (E.D. Ky. Apr. 9, 2020) ("the mandatory language of the statute means a court may not excuse a failure to exhaust, even to take [special] circumstances into account.") (internal quotations omitted). Without evidence that Starks has exhausted his remedies, this Court cannot grant Starks' motions.

However, if Starks exhausts his administrative remedies and refiles a motion with the proper supporting medical evidence, the Court will reconsider his motion. *Eisenberg*, 2020 WL 1808844, at *2.

### IV. Conclusion

For the above stated reasons, the Court finds that Starks has failed to exhaust his administrative remedies. **IT IS HEREBY ORDERED** that Starks' Motion for Home Confinement [DN 30] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 14, 2020

cc: Derrick Starks
    19484-033
    LEXINGTON
    FEDERAL MEDICAL CENTER
    Inmate Mail/Parcels
    P.O Box 14500
    Lexington, KY 40512
    PRO SE